## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY BROWN, #N38256,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19−cv−001032−SMY** |
| | ) | |
| **ROB JEFFREYS,** | ) | |
| **WAYNE DUNN,** | ) | |
| **TRAVIS BAYLOR,** | ) | |
| **CHRISTOPHER HEDGEPETH, and** | ) | |
| **CINDY LUTZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeffrey Brown, formerly an inmate at Vienna Correctional Center ("Vienna"), brings this action pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to proper credit being given for time served on parole and denial of due process regarding his parole revocation. Plaintiff requests monetary damages. (Doc. 1, p. 6)

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was released from Vienna on February 8, 2019. (Doc. 1, p. 7). On April 30, 2019, Hedgepeth issued a parole violation report that included false factual statements regarding Plaintiff's housing situation and, as a result, Plaintiff was taken back into custody. (*Id.*, pp. 5, 23).

On July 2, 2019, the Prisoner Review Board (including Dunn) found that Plaintiff had violated the conditions of his release. (*Id.*, pp. 5, 14-15). He was declared a violator as of the date of his release and denied credit for the time he served on electronic monitoring. (*Id.*, p. 15). At the revocation hearing, he was not read his rights, nor did he receive an attorney. (*Id.*, p. 5). Plaintiff filed several grievances regarding the revocation and Prison Review Board actions, which were denied and subsequently returned by the Administrative Review Board. (*Id.*, pp. 20, 26 and 28).

The Court finds it appropriate to designate the following claim in this *pro se* action:

> **Count 1:** **Fourteenth Amendment due process claims against Hedgepeth, Dunn and Baylor for revocation**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Preliminary Dismissals

Plaintiff lists Rob Jeffreys as a defendant in the case caption but fails to mention him in the statement of his claim. Jeffreys does not appear anywhere in the documents Plaintiff attached to

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the Complaint.  Merely invoking the name of a potential defendant in the caption is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Similarly, Plaintiff fails to state any claims against Lutz.  The only mention Plaintiff makes of Lutz is in a grievance where he alleges that she approved his new host site.  (Doc. 1, p. 30).  In the absence of any allegation that Lutz herself did something wrong, she is not a proper defendant.  As such, Jeffreys and Lutz will be dismissed without prejudice.

## Discussion

Dunn is immune from claims arising from the conduct of the revocation hearing because Prison Review Board members are accorded absolute immunity for their decisions.  See *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996).  "Absolute immunity protects board members not only for the decision to revoke ... supervised release, but [also for] the board members' actions that are 'part and parcel' of the decision-making process" including failures to follow procedural due process during revocation hearings.  *Id.*  (*quoting Walrath v. United States*, 35 F.3d 277, 281 (7th Cir.1994)).  This would also include the decision to date Plaintiff's violation from his original release date.

Plaintiff also fails to state a claim against Baylor.  It appears that Baylor's only involvement was denying Plaintiff's appeals of grievances.  The mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim.  See, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).  Further, there is no protected due process right in the grievance process.  *Owens*, 635 F.3d at 953-54; *George*, 507 F.3d at 609.  Without some allegation that Baylor did more than wrongfully deny grievances, no claim is stated against him.

Finally, Plaintiff fails to state a claim against Hedgepeth. Plaintiff alleges that his release was revoked based on incorrect statements by Hedgepeth, his parole officer. Such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (barring any suit under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction"); See also, *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Therefore, Plaintiff cannot proceed with a claim that the allegations which caused his revocation were false without first showing that his parole revocation has been overturned or otherwise been favorably terminated.

## Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own- he only states that he has written letters to several attorneys. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has a grade school education, no federal legal experience and has been diagnosed as bipolar with Post-Traumatic Stress Disorder. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court, and there is no indication that Plaintiff's mental health issues are preventing him from communicating with the Court. Therefore, the recruitment of counsel is not warranted at this time, and the motion is denied. The Court will remain open to the appointment of counsel in the future should Plaintiff choose to pursue an Amended Complaint.

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

<u>**Disposition**</u>

Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Should Plaintiff wish to proceed with his case, he shall file a First Amended Complaint **on or before March 19, 2020**. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 19-cv-1032-SMY.

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with

prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

<u>**STACI M. YANDLE**</u>
**United States District Judge**